**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1633**

---

LUIS MARCELO MAURAD-SALINAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

---

On Petition for Review of an Order of an Immigration Judge.

---

Submitted: July 10, 2024                                        Decided: August 27, 2024

---

Before NIEMEYER and KING, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Petition dismissed by unpublished per curiam opinion.

---

**ON BRIEF:** Janet Escobar, ESCOBAR LAW OFFICES PLLC, Annandale, Virginia, for Petitioner. Brian M. Boynton, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Todd J. Cochran, Senior Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Marcelo Maurad-Salinas, a native and citizen of Ecuador, petitions for review of the Immigration Judge's ("IJ") June 1, 2023, order affirming the asylum officer's determination that Maurad-Salinas failed to establish a reasonable fear of persecution or torture in Ecuador and returning Maurad-Salinas' case to the Department of Homeland Security for removal. The IJ entered that order following the Department of Homeland Security's issuance of a Final Administrative Removal Order against Maurad-Salinas based on its determination that he had been convicted of an aggravated felony. *See* 8 U.S.C. § 1228(b). We dismiss the petition for review for lack of jurisdiction.

Although the parties do not question our jurisdiction, "[w]e have an independent obligation to assure ourselves of jurisdiction to decide an appeal." *Martinez v. Garland*, 86 F.4th 561, 566 (4th Cir. 2023), *petition for cert. filed*, No. 23-7678 (U.S. June 10, 2024). We are generally authorized to review "a final order of removal." 8 U.S.C. § 1252(a)(1). A noncitizen has 30 days to petition for review of a final order of removal and that time limit is jurisdictional. *Martinez*, 86 F.4th at 566.

Here, the Final Administrative Removal Order was dated February 24, 2020, and was served on Maurad-Salinas on May 12, 2020, but Maurad-Salinas did not file his petition for review until June 9, 2023—about three years after the 30-day period expired. Although Maurad-Salinas petitioned for review within 30 days of the IJ's June 1, 2023, order, that order was not a "final order of removal" reviewable under § 1252(a)(1), nor could it affect the finality of the Final Administrative Removal Order. *See id.* at 567, 570.

2

At bottom, there is no final order of removal properly before us that would allow us to review the IJ's June 1, 2023, order. We therefore lack jurisdiction over Maurad-Salinas' petition for review. *See id.* at 571.

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*